IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. CR 03-1015 |
| ) | |
| vs. ) | |
| ) | |
| JOHN LINCOLN, ) | |
| ) | |
| Defendant. ) | |

**ORDER AUTHORIZING THE DESTRUCTION OF SEIZED EVIDENCE**

Before the Court is the Government's motion for an order to dispose of seized evidence.

Upon consideration of said motion, the Court finds that:

1.  The Iowa Division of Narcotics Enforcement (DNE) currently has in its possession three firearms and green plant material (marijuana) which are listed on the inventory of seized items attached as Exhibit 1 to the Government's Supplement to Motion to Dispose of Seized Evidence filed on September 15, 2006. The evidence was seized on June 30, 2003, pursuant to a State of Iowa search warrant at defendant's residence in Bernard, Iowa.

2.  Without an order of this Court authorizing DNE to destroy the firearms and plant material, the agency will be required to maintain, at an ever increasing cost, custody and control of the evidence for an indefinite period of time. There would not be any corresponding benefit to the public in having the agency maintain custody and control of the firearms and plant material.

3. No claims have been made to the three firearms seized from defendant. Under no circumstances should the agency return weapons to a convicted felon. 18 U.S.C. § 922(g)(1) provides in pertinent part:

> It shall be unlawful for any person - (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

The courts have likewise held that firearms and/or and ammunition, should not be returned to convicted felons. See *United States v. Felici*, 208 F.3d 667 (8th Circuit 2000) (convicted felon not entitled to return of firearms, even if provided to third party in trust for felon); *United States v. Wacker*, 903 F. Supp. 1412, 1414-15 (D. Kan. 1995) (convicted felon not entitled to return of firearm, even if returned to a designated agent since felon would have constructive possession of firearm); *United States v. Craig*, 896 F. Supp. 85, 89 (N.D.N.Y. 1995) (convicted felon not entitled to return of firearm, even if returned to his wife because he could not delegate authority to possess firearm to a designated agent).

4. Furthermore, it would be improper to allow a third party to take possession and to sell the firearms and/or ammunition on a convicted felon's behalf, because the felon would profit from items that he or she can no longer legally possess. See *United States v. Bagley*, 899 F.2d 707, 708 (8th Cir. 1990) ("We agree with the district court "that to allow [Bagley] to reap the economic benefit from ownership of weapons [ ] which it is illegal for him to possess would make a mockery of the law."").

5. The Sixth Circuit followed *Bagley* and held that a convicted felon is neither

entitled to the return of firearms nor to the proceeds of their sale. *United States v. Ashley*, 959 F.2d 236 (6th Cir. 1992). In a subsequent opinion, the Sixth Circuit further held that the prohibition against possessing firearms applies to "both actual *and* constructive possession, including a prohibition against allowing the firearms to be held in trust for a convicted felon." *United States v. Headley*, 50 Fed. Appx. 266, 267, 2002 WL 31473476 (6th Cir. 2002). As noted by the Courts in *Headley* and *Craig*, a defendant may not create a greater power in his designated agent than he himself possesses. Id. *Craig*, 896 F. Supp. at 89.

6. Currently, there is no specific statute authorizing the destruction of the firearms and ammunition in the circumstances described herein. However, the All Writs Act authorizes "[t]he Supreme Court and all courts established by Act of Congress. . . [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As the Supreme Court explained, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985); see also *Harris v. Nelson*, 394 U.S. 286, 299 (1969) (quoting *Price v. Johnson*), 334 U.S. 266, 282 (1946) (All Writs Act "has served. . . as a 'legislatively approved source of procedural instruments designed to achieve the rational ends of the law.'").

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

That the Iowa Division of Narcotics Enforcement can disposed of the three firearms and green plant material (marijuana) seized from defendant.

Dated this 20 day of September, 2006.

Linda R. Reade
Judge, U.S. District Court
Northern District of Iowa